■ LENA MASTERSON, Individually and as Administratrix of the Estate of FLOYD M. MASTERSON, Deceased, Plaintiff, and J. A. JONES CONSTRUCTION COMPANY, Respondent-Appellant, v P & H HARNISCHFEGER CORPORATION, Appellant-Respondent, et al., Defendants. HARNISCHFEGER CORPORATION, Third-Party Plaintiff, v LIEBHERR (IRELAND) LTD., et al., Third-Party Defendants.—Amended judgment, Supreme Court, New York County, entered July 26, 1976, *inter alia,* awarding plaintiff and third-party defendant J. A. Jones Construction Company ("Jones") 40% of a $35,000 jury verdict in its favor against defendant and third-party plaintiff P & H Harnischfeger Corporation ("Harnischfeger"), unanimously modified, on the law, to the extent of restoring the full sum of $35,000 in favor of Jones, plus interest, and otherwise affirmed, without costs and without disbursements. The appeal from the order entered July 26, 1976, is dismissed, as academic, without costs and without disbursements. This consolidated action arose out of an accident which occurred in 1967 in Florida when a tower crane sold by Harnischfeger, the American distributor of a foreign manufacturer, to Jones broke loose from the eleventh floor of a structure being erected by Jones, destroying the crane, killing its operator, Floyd Masterson, and causing considerable damage to the structure and its environs. In the wrongful death action brought by plaintiff Masterson against Harnischfeger (in which Jones was impleaded) the jury returned a substantial verdict in plaintiff's

favor which has now been settled after extensive preargument negotiations. At the request of the Trial Judge, the jury apportioned the fault for the accident between Jones and Harnischfeger under *Dole v Dow Chem. Co.* (30 NY2d 143), by allocating 60% thereof to Jones and 40% thereof to Harnischfeger. In the property damage action by *Jones v Harnischfeger,* the jury returned a verdict in favor of Jones in the sum of $35,000; and a judgment was originally entered in favor of Jones for said sum, plus interest. Subsequently, on motion of Harnischfeger, the court amended the judgment to limit Jones' recovery to 40% of the $35,000 verdict. On this now limited appeal, Jones contends the court erred in reducing the $35,000 verdict in its favor by the *Dole* apportionment, while Harnischfeger submits that there was no actionable negligence established against it at the trial. We find the evidence adduced sufficient to support the finding of 40% fault by Harnischfeger because of its failure to supply fully threaded replacement bolts for the crane and inadequately instructing Jones as to the proper manner of torquing, maintaining, testing and replacing these special high tension bolts. Jones claimed property damage of approximately $80,000. The jury was charged on comparative negligence and instructed to reduce any award in favor of Jones by the percentage of that company's negligence. Specifically the jurors were told that if they found Jones to be negligent "the amount of damages that you find in favor of Jones is to be cut in that same proportion." There were no exceptions to this charge and it appears that the jury followed its instructions. Accordingly, there was no basis for any further reduction in the verdict for Jones. Settle order on notice. Concur—Markewich, J. P., Murphy, Lupiano, Capozzoli and Nunez, JJ.